UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEDERAL NATIONAL MORTGAGE )
ASSOCIATION, )
      Plaintiff, )
       ) No. 1:26-cv-1584
v. )
       )
       ) Honorable Paul L. Maloney
CRYSTAL DOWNS MHC-MICHIGAN, LLC, )
      Defendant. )
       )

## OPINION GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

This is a contract dispute between Plaintiff, Federal National Mortgage Association ("Fannie Mae"), and Defendant related to a mortgage. Plaintiff moved for a temporary restraining order ("TRO"), a preliminary injunction, and for an order appointing a receiver. (ECF No. 4). Defendant has not yet been served, so the Court only considers the motion to the extent it requests relief that can be granted without notice to Defendant. The record currently before the Court establishes that Defendant has defaulted on its contractual obligations and agreed to the appointment of a receiver in those conditions without prior notice. Further, it establishes that Plaintiff will likely suffer irreparable injury absent the order. Plaintiff's motion will thus be granted.

### I.

District courts may issue TROs at their discretion. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Under Rule 65, courts may issue TROs without notice to the adverse party only if two conditions are met. Fed. R. Civ. P. 65(b)(1). First, the

1

moving party must establish specific facts through an affidavit or a verified complaint showing that an immediate and irreparable injury will result to the moving party before the adverse party can be heard in opposition to the motion. Fed. R. Civ. P. 65(b)(1)(A). Second, counsel for the moving party must certify in writing any efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B). In addition, courts must consider each of four factors: (1) whether the moving party demonstrates a strong likelihood of success on the merits; (2) whether the moving party would suffer irreparable injury without the order; (3) whether the order would cause substantial harm to others; and (4) whether the public interest would be served by the order. *Ohio Republican Party*, 543 F.3d at 361 (quoting *Ne. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)). The four factors "are not prerequisites that must be met, but are interrelated concerns that must be balanced together." *Ne. Ohio Coal.*, 467 F.3d at 1009.

## II.

The property that is the subject of this dispute is a 104-site manufactured home community in Whitehall, Michigan. Defendant has defaulted on its obligations under the mortgage agreement by failing to make monthly payments since May 1, 2025. (ECF No. 1 at PageID.9 ¶ 27). It also failed to pay real estate taxes and other costs as required under the relevant agreements. (*Id.*). Plaintiff informed Defendant of its default on its obligations in August of 2025. (*Id.* at PageID.10 ¶ 29). The agreements contain a provision wherein Defendant consented to the judicial appointment of a receiver, without notice, if it defaulted on its obligations. (*Id.* at PageID.12 ¶ 35).

Federal courts may appoint receivers in diversity cases under standards dictated by federal law. *Federal Nat. Mortg. Ass'n v. Maple Creek Gardens, LLC,* No. 09-14703, 2010 WL 374033, at *2 (E.D. Mich. Jan. 25, 2010) (citing *Nat7D P'ship Inv. Corp. v. Nat7D Housing Dev. Corp.,* 153 F.3d 1289, 1291 (11th Cir. 1998)); *see also Gordon v. Washington,* 295 U.S. 30, 37 (1935) ("A receivership is only a means to reach some legitimate end sought through the exercise of the power of a court of equity."). Courts have considered an agreement to the appointment of a receiver to be dispositive, or at least very persuasive, evidence in favor of such appointment. *See, e.g., Maple Creek,* 2010 WL 374033, at *3; *WBMCT 2003-C9 Island Living, LLC v. Swan Creek Ltd.,* No. 14-cv-14243, 2015 WL 136225, at *2 (E.D. Mich. Jan. 9, 2015); *Citibank, N.A. v. Nyland (CF8) Ltd.,* 839 F.2d 93, 97 (2d Cir. 1988). A receiver here would protect Plaintiff's valid claims and ensure effective management and operation of the property, preventing the diminution of its value. This suggests that even if the contractual agreement were not dispositive, appointment of a receiver is appropriate here. *See Maple Creek,* 2010 WL 374033, at *3 (discussing factors including "whether there is imminent danger of the property being . . . diminished in value" and whether plaintiff's interests sought to be protected will in fact be well-served by receivership"). Plaintiffs have also introduced sufficient evidence that their proposed receiver, Mr. Kassab, is experienced and more than competent to fulfill the purposes of the appointment.

Now the Court turns to the question of whether appointing a receiver is appropriate without notice to Defendant. The Court evaluates this question under the analysis it applies to any motion for a TRO issued without notice. Here, Plaintiff is likely to succeed on the merits. The record currently before the Court sufficiently establishes that Defendant has

breached its commitments under the relevant agreements. Plaintiff is likely to suffer irreparable injury. Plaintiff offered evidence that Defendant is failing to maintain or repair the property, (ECF No. 1 at PageID.9-10 ¶ 28), and damage or waste to land is considered irreparable, *see Roghan v. Block*, 590 F. Supp. 150, 152 (W.D. Mich. 1984). Granting the TRO is unlikely to harm anyone, as the record establishes that Defendant has lost any right to manage the subject property and the receiver will protect the interests of all parties. Granting a TRO is also in the public interest because "the public interest lies in enforcing contracts." *Stryker Emp. Co. v. Abbas*, 60 F.4th 372, 386 (6th Cir. 2023). The factors strongly favor Plaintiff on this record, so the Court will grant Plaintiff's motion in full.

### III.

Plaintiff's motion for a TRO appointing a receiver (ECF No. 4) will be granted. A separate order with the terms of the receivership will issue.

The parties shall appear for a hearing on Plaintiff's request for preliminary injunctive relief at 10:30 a.m. on May 26th, 2026. Plaintiff shall serve Defendant as soon as practicable. Defendant shall file a written response to Plaintiff's motion by 12:00 p.m. on May 22, 2026.

**IT IS SO ORDERED**.

Date:  May 14, 2026                                    /s/ Paul L. Maloney
                                                              Paul L. Maloney
                                                              United States District Judge