UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) ) | |
| Plaintiff, | ) | |
| | ) | No. 1:26-cv-1584 |
| v. | ) | |
| | ) | |
| | ) | Honorable Paul L. Maloney |
| CRYSTAL DOWNS MHC-MICHIGAN, LLC, | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

This is a contract dispute between Plaintiff, Federal National Mortgage Association ("Fannie Mae"), and Defendant related to a mortgage. Plaintiff moved for a temporary restraining order ("TRO"), a preliminary injunction, and for an order appointing a receiver. (ECF No. 4). The Court granted the motion insofar as it sought a TRO. (ECF Nos. 8, 9). Defendant's counsel was given notice of the complaint, the TRO, and other documents on May 15, 2026, (ECF No. 10), and Defendant was formally served in this case on May 27, 2026, (ECF No. 16). The Court initially scheduled a hearing on Plaintiff's motion for a preliminary injunction, and the parties agreed to delay the hearing and Defendant's deadline to file a written response multiple times. In their most recent request to delay the hearing, the parties requested a hearing on June 8, 2026, and a written response deadline of June 3, 2026. (ECF No. 14). The Court was unable to accommodate a hearing on that date, so scheduled the hearing for the first available date, June 15, 2026, and moved the written response deadline to June 10, 2026. (ECF No. 15).

1

Defendant, though, failed to file a written response. The Court thus considers Plaintiff's motion on the record currently before it and finds that Plaintiff has met its burden. The record establishes that Defendant has defaulted on its contractual obligations and agreed to the appointment of a receiver in those conditions. Further, it suggests that Plaintiff may suffer irreparable injury absent the order. The relevant factors together indicate a preliminary injunction is warranted. Under the circumstances, the Court finds the previously scheduled hearing unnecessary and will grant Plaintiff's motion.

## I.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Plaintiffs seeking a preliminary injunction must demonstrate that they are likely to succeed on the merits, they are likely to suffer irreparable harm absent the injunction, the balance of equities favors them, and the injunction is in the public interest. *Stryker Emp. Co. v. Abbas*, 60 F.4th 372, 385 (6th Cir. 2023) (citing *Winter*, 555 U.S. at 20). These are factors, not elements, though a slim enough chance of success on the merits is fatal on its own, *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000), and "while the extent of an injury may be balanced against other factors, the existence of an irreparable injury is mandatory," *EOG Res., Inc. v. Lucky Land Mgmt., LLC*, 134 F.4th 868, 883 (6th Cir. 2025) (citation modified).

## II.

The property that is the subject of this dispute is a 104-site manufactured home community in Whitehall, Michigan. Defendant has defaulted on its obligations under the

mortgage agreement by failing to make monthly payments since May 1, 2025. (ECF No. 1 at PageID.9 ¶ 27). It failed to pay real estate taxes and other costs as required under the relevant agreements. (*Id.*). It also failed to maintain the property, and allowed, for example, tree overgrowth and moss growth on the roofs of buildings. (*See id.* at PageID.9-10 ¶ 28; ECF No. 1-4 at PageID.170). Plaintiff informed Defendant of its default on its obligations in August of 2025. (ECF No. 1 at PageID.10 ¶ 29). The agreements contain a provision wherein Defendant consented to the judicial appointment of a receiver, without notice, if it defaulted on its obligations. (*Id.* at PageID.12 ¶ 35; ECF No. 1-5 at PageID.199).

### III.

### A.  Appointment of a Receiver

Plaintiff's proposed preliminary injunction involves the appointment of a receiver over the subject property. Federal courts may appoint receivers in diversity cases under standards dictated by federal law. *Federal Nat. Mortg. Ass'n v. Maple Creek Gardens, LLC*, No. 09–14703, 2010 WL 374033, at *2 (E.D. Mich. Jan. 25, 2010) (citing *Nat7D P'ship Inv. Corp. v. Nat7D Housing Dev. Corp.*, 153 F.3d 1289, 1291 (11th Cir. 1998)); *see also Gordon v. Washington*, 295 U.S. 30, 37 (1935) ("A receivership is only a means to reach some legitimate end sought through the exercise of the power of a court of equity."). Courts have considered an agreement to the appointment of a receiver to be dispositive, or at least very persuasive, evidence in favor of such appointment. *See, e.g., Maple Creek*, 2010 WL 374033, at *3; *WBMCT 2003-C9 Island Living, LLC v. Swan Creek Ltd.*, No. 14–cv–14243, 2015 WL 136225, at *2 (E.D. Mich. Jan. 9, 2015); *Citibank, N.A. v. Nyland (CF8) Ltd.*, 839 F.2d 93, 97 (2d Cir. 1988). A receiver here would protect Plaintiff's valid claims and ensure

3

effective management and operation of the property, preventing the diminution of its value. This suggests that even if the contractual agreement were not dispositive, appointment of a receiver is appropriate here. *See Maple Creek*, 2010 WL 374033, at *3 (discussing factors including "whether there is imminent danger of the property being . . . diminished in value" and whether plaintiff's interests sought to be protected will in fact be well-served by receivership"). Plaintiffs have also introduced sufficient evidence that their proposed receiver, Mr. Kassab, is experienced and more than competent to fulfill the purposes of the appointment. So, if Plaintiff can meet its burden and demonstrate that the preliminary injunction factors are in its favor, appointing a receiver is an appropriate form of relief. The Court now turns to those factors.

### B.  Preliminary Injunction Factors

As to the first factor, Plaintiff is likely to succeed on the merits. The record currently before the Court sufficiently establishes that Defendant has breached its commitments under the relevant agreements. The verified complaint establishes that Defendant has not only failed to make payments required by the contract but also failed to pay taxes or engage in maintenance as required. This is further substantiated by documentary evidence beyond the verified complaint. (*See, e.g.*, ECF No. 1-8). And in the event of default, Defendant expressly consented to the appointment of a receiver. (ECF No. 1 at PageID.12 ¶ 35). Plaintiff is thus likely to succeed on its claim that it is entitled to the appointment of a receiver.

As to the second factor, Plaintiff will likely suffer irreparable injury. Defendant is failing to maintain or repair the property. (ECF No. 1 at PageID.9-10 ¶ 28). "Committing waste on real property . . . is a classic example of irreversible damage." *EOG Res., Inc.*, 134

F.4th at 886. Historically, preliminary injunctions served to prevent damage to structures and other traditionally unique features of real property through the pendency of a case. *See id.* While some of Plaintiff's claimed harms, such as loss of rental income, would likely be compensable through damages, the structural damage from tree overgrowth and moss growth would likely not be. The Court thus finds that at least some irreparable harm is likely absent an injunction.

Finally, the Court must weigh the balance of equities and the public interest. Granting the preliminary injunction is unlikely to harm anyone, as the record establishes that Defendant has lost any right to manage the subject property and the receiver will protect the interests of all parties. An injunction is also in the public interest because "the public interest lies in enforcing contracts." *Stryker Emp. Co. v. Abbas*, 60 F.4th 372, 386 (6th Cir. 2023). On the current record, the factors all favor Plaintiff: it is very likely to succeed on the merits, has demonstrated a likelihood of some irreparable harm, and it requests relief that is in the public interest and would not meaningfully prejudice Defendant's interests. Plaintiff's motion for a preliminary injunction will thus be granted.[1]

### C.  Necessity of a Hearing

The Federal Rules "contemplate a hearing on the merits of a preliminary injunction even after the issuance of a TRO." *Total Quality Logistics, LLC v. Traffic Tech., Inc.*, Nos. 22-3148, 22-3377, 2023 WL 1777387, at *5 (6th Cir. Feb. 6, 2023) (citing Fed. R. Civ. P.

---

[1] The Court must also consider the issue of security. Fed. R. Civ. P. 65(c). The Court finds security from Plaintiff unnecessary given the very high likelihood of Plaintiff's success on the merits, the low likelihood that the requested relief would prejudice Defendant's interests, and the unique nature of Plaintiff as a government-affiliated entity. *See id.* ("The United States, its officers, and its agencies are not required to give security.").

65(b)(3)). But that "hearing" need not take the form of an evidentiary hearing and oral argument. Instead, procedures which give "a fair opportunity to oppose the application and to prepare for such opposition" suffice. *Id.* (quoting *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 553 (6th Cir. 2007)). A "hearing embodies the right to be heard on the controverted facts, as well as upon the law." *Carpenters Dist. Council v. Cicci*, 261 F.2d 5, 8 (6th Cir. 1958). So if a defendant had notice of the motion for a preliminary injunction and a reasonable opportunity to present arguments and evidence against it, no "hearing" beyond written submissions is necessary. *See Total Quality Logistics, LLC*, 2023 WL 1777387, at *4-5 (holding that a district court abused its discretion by converting a TRO into a preliminary injunction without offering the parties a chance to brief the preliminary injunction); *Certified Restoration Dry Cleaning Network, L.L.C.*, 511 F.3d at 553.

Here, Defendant had a reasonable opportunity to present arguments and evidence to oppose the motion for a preliminary injunction and had notice of it. Defendant had notice of the motion as early as May 15, 2026, (*see* ECF No. 10), and the Court moved the deadline to file a response further back than Defendant requested, (*see* ECF Nos. 14, 15). Yet Defendant did not file a response. Defendant's failure to avail itself of the opportunity to respond does not mean that opportunity did not exist. Under the circumstances, the Court finds the hearing scheduled for June 15, 2026, unnecessary, and finds that the current record supports the granting of Plaintiff's motion.

## IV.

Plaintiff's motion for a preliminary injunction (ECF No. 4) is **GRANTED**. The Court's previous order granting the TRO and establishing the terms of the receivership (ECF No. 9) shall last through the pendency of this case or until further order of the Court. The hearing in this case scheduled for June 15, 2026, is **CANCELLED**.

**IT IS SO ORDERED.**

Date:  June 12, 2026                                  /s/ Paul L. Maloney
                                                      Paul L. Maloney
                                                      United States District Judge

7